IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DENNIS EDWARD ALEXANDER, SR., <br> AIS #261910, <br>     Plaintiff, <br> v. <br> MICHAEL STRICKLAND, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:17-CV-573-MHT <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Dennis Edward Alexander, Sr., an indigent state inmate. In this case, Alexander challenges actions which occurred during a prior term of incarceration at the Bullock Correctional Facility regarding receipt of his inmate account information.

Upon initiation of this case, the court entered orders copies of which the Clerk mailed to Alexander at the address he provided for service. However, the postal service returned these orders as undeliverable.[1] Based on the return of Alexander's mail, the court entered an order requiring Alexander to inform the court of his current address on or before October 9, 2017. Doc. No. 14. The order specifically advised Alexander that this case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. Doc. No. 14 at 1-2. As of the present day, the court has received no response from Alexander

---

[1] The last address provided to the court by Alexander is Bullock Correctional Facility. A recent search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that Alexander is no longer incarcerated within the state prison system.

to the aforementioned order nor has he provided the court with his current address as is necessary to proceed before this court. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the administration of this case cannot properly proceed in Alexander's absence. It likewise appears that since his release from incarceration Alexander is no longer interested in the prosecution of this case. Consequently, the court concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice as the administration of this case cannot proceed in the plaintiff's absence.

The parties may file objections to the Recommendation on or before **November 3, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of

28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 17th day of October, 2017.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE